**Opinion issued June 6, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00415-CR

————————————

**RAFAEL NAVARRO, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from 23rd District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 66134**

---

## MEMORANDUM OPINION

Appellant, Rafael Navarro, Jr., was charged by indictment with the offense of assaulting a public servant, enhanced by a prior felony conviction. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(1) (West 2011). Appellant pleaded not guilty to the primary offense and "not true" to the enhancement. A jury found appellant

guilty, found the enhancement true, and assessed punishment of confinement for 4 years. Appellant's appointed appellate counsel has filed a motion to withdraw and an *Anders* brief, stating that the record presents no reversible error and that, therefore, the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). We grant counsel's motion to withdraw, modify the trial court's judgment, and affirm as modified.

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record. *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008). Counsel discusses the evidence adduced, supplies us with record references, and provides us with citation to legal authorities. *See High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Schulman*, 252 S.W.3d at 406–07; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.). The brief also reflects that counsel delivered a copy of the brief to appellant and informed him of his right to examine the record and to file a response. *See Schulman*, 252 S.W.3d at 408. More than 30 days have passed, and appellant has not filed a pro se response. *See id.* at 409 n.23 (adopting 30-day period for response). The State waived its opportunity to file an appellee's brief.

We have independently reviewed the record, and we conclude that no reversible error exists, that there are no arguable grounds for review, and that the appeal is frivolous. *See id.* at 407 nn.9 & 12 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous, that is, whether any argument could "conceivably persuade the court"). An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 827 & n.6 (Tex. Crim. App. 2005).

We note that the trial court's judgment includes $2,640.00 in attorney's fees. The record shows, however, that the trial court found appellant to be indigent for purposes of costs in the trial court and for purposes of costs on appeal. Appellant has been represented by appointed counsel throughout the proceedings.

"A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2012). If the trial court determines that a defendant has the financial resources "to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs

3

the amount that it finds the defendant is able to pay." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2012).

When, as here, the record does not reflect that the trial court made findings regarding appellant's ability to pay attorney's fees or that it issued an order under article 26.05(g), the record does not support an assessment of attorney's fees. *See In re Daniel*, 396 S.W.3d 545, 549 (Tex. Crim. App. 2013); *Mayer v. State*, 309 S.W.3d 552, 556–57 (Tex. Crim. App. 2010).

Accordingly, we modify the trial court's judgment to delete the entry of $2,640.00 in appointed attorney's fees. *See Mayer*, 309 S.W.3d at 557–58 (affirming deletion of attorney's fees from judgment); *see, e.g.*, *Jerrell v. State*, 07-11-0111-CR, 2012 WL 125271, at *1 (Tex. App.—Amarillo, Jan. 17, 2012, pet. ref'd) (mem. op., not designated for publication) (modifying judgment "to delete any obligation to pay attorney's fees" because record did not show that defendant had been found financially capable).

We grant counsel's motion to withdraw[1] and affirm the trial court's judgment as modified. *See* TEX. R. APP. P. 43.2. Attorney Perry R. Stevens must immediately send the notice required by Texas Rule of Appellate Procedure 6.5(c)

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

4

and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

## PER CURIAM

Panel consists of Justices Jennings, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).