IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-77,007






EX PARTE NANCY GAIL KNIGHT, Applicant









ON APPLICATION FOR A WRIT OF HABEAS CORPUS

IN CAUSE NO. 53220-A FROM THE

47th DISTRICT COURT OF POTTER COUNTY




 Alcala, J., delivered the opinion of the Court in which Meyers, Price,
Womack, Johnson, Hervey, and Cochran, JJ., joined. Keasler, J., filed a
concurring opinion. Keller, P.J., concurred.


O P I N I O N



 Nancy Gail Knight, applicant, filed this application for a writ of habeas corpus under
Article 11.07 of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. art. 11.07.
In two grounds, she alleges that there is no evidence to support (1) the trial court's entry of
a cumulation order and (2) the imposition of attorney's fees in the bill of costs. We deny the
first ground and dismiss the second ground. As to the first ground, the cumulation order is
supported by the evidence that the jury that convicted applicant of possession of a controlled
substance made an affirmative finding that the offense occurred in a drug-free zone, which
is a finding that was included in the trial court's judgment. See Tex. Health & Safety
Code § 481.134(h). That order is also supported by the record, which shows that the amount
of punishment actually assessed against applicant was almost twice the statutory minimum.
As to the second ground, we dismiss applicant's complaint that there is no evidence to
support the imposition of attorney's fees because that claim is not cognizable on a writ of
habeas corpus. I. Background

 By two indictments, applicant was charged with (1) unlawful possession of a firearm
by a felon in cause number 53,220-A and (2) possession of a controlled substance in the
amount of one gram or more but less than four grams in cause number 53,219-A. See Tex.
Penal Code § 46.04; Tex. Health & Safety Code § 481.115(c). Each of these indictments
included punishment-enhancement paragraphs alleging that applicant had been twice
convicted of felony offenses, which, if proven, would make her punishable as a habitual
offender with a statutory minimum of 25 years in prison. See Tex. Penal Code § 12.42(d).
The indictment for possession of a controlled substance additionally alleged that applicant
used or exhibited a deadly weapon, which, if proven, would affect applicant's parole
eligibility, and further alleged that she committed the offense in a drug-free zone, which, if
proven, would raise the minimum punishment to 30 years in prison for a habitual offender.
See Tex. Health & Safety Code § 481.134(h). 

 Applicant pleaded not guilty to possession of controlled substance and was convicted
by a jury. The jury found true the allegations that she (1) used or exhibited a deadly weapon,
(2) committed the offense in a drug-free zone, and (3) had been previously convicted of the
offenses alleged in the two punishment-enhancement paragraphs. It assessed her punishment
at 55 years in prison. The trial court included those terms in its judgment. 

 After she was sentenced for the drug-possession offense, applicant entered into a plea-bargain agreement with the State for 15 years in prison for the charge of felon in possession
of a firearm, and that sentence was cumulated with the drug-possession conviction because
of the statutory requirement for cumulated sentences when one conviction was for an offense
in a drug-free zone. See Tex. Penal Code § 46.04. The State abandoned one of the
punishment-enhancement paragraphs that alleged a prior conviction, and applicant pleaded
guilty. The judgment states, "This sentence [for possession of a firearm] begins when the
sentence in Cause 53219-A in 47th District Court of Potter County, Texas [for possession
of a controlled substance] is completed." The trial court determined that applicant had no
right of appeal because her conviction was pursuant to a plea-bargain agreement and she had
waived the right of appeal.

 The judgment in the firearm-possession case required applicant to pay the bill of costs
and incorporated the bill of costs by reference. The judgment ordered that the State of Texas
"have and recover of [applicant] all costs in this proceeding incurred, as set in the Bill of
Costs attached hereto and by this reference incorporated herein for all purposes." The bill of
costs, however, was dated a day after the judgment was entered. The bill of costs ordered
applicant to reimburse the county $1200 in fees for the attorney that had been appointed to
her. Although the record shows that the trial court found that applicant was indigent when
it appointed her an attorney, nothing in the record shows that the trial court ever determined
that applicant was no longer indigent. Applicant challenges the cumulation order and the order of repayment of attorney's
fees. With respect to the cumulation order, the habeas court made findings of fact favorable
to applicant, which we discuss in detail below. With respect to the bill of costs, the habeas
court also made findings of fact favorable to applicant, concluding that she did not have an
opportunity to object to those costs and that no evidence supported the charge. The habeas
court found that no evidence supported these orders and recommended that relief be granted.II. Cumulation Order

 Applicant's first ground alleges that no evidence shows that her punishment for the
conviction for possession of a controlled substance was increased due to a finding of the
offense's commission in a drug-free zone. The State responds that applicant's possession of
a controlled substance occurred in a drug-free zone and that cumulation of the sentence for
that conviction and her sentence for the firearm-possession conviction was mandatory.

 A. Applicable Law

 Section 481.134(h) of the Texas Health and Safety Code, which we refer to as the
"mandatory-cumulation provision," states, "Punishment that is increased for a conviction for
an offense listed under this section may not run concurrently with punishment for a
conviction under any other criminal statute." Tex. Health & Safety Code § 481.134(h).
In another case, this Court recently deleted a portion of a judgment that had ordered that a
sentence be cumulated with another sentence because the record was insufficient to support
application of the mandatory-cumulation provision. See Moore v. State, 371 S.W.3d 221,
229 (Tex. Crim. App. 2012). In Moore v. State, this Court held that, "[w]hen sentences are
mandatorily cumulated under the drug-free-zone statute, the criminal offenses reflected in
the judgment must not be listed in the drug-free-zone statute." See id. at 226 (citing Tex.
Health & Safety Code § 481.134). We sustained Moore's challenge because both
convictions were for offenses listed in the drug-free-zone statute, making cumulation
discretionary rather than mandatory. (1) See id. at 227-28. Cumulation is mandatory under the
drug-free-zone statute when one offense is listed in the drug-free-zone statute and one is not.
See id. at 226 (citing Tex. Health & Safety Code § 481.134).

 This Court has not yet determined whether the language of the mandatory-cumulation
provision, which states that "[p]unishment that is increased for a conviction for an offense
listed under this section," means either (1) that the punishment range was increased due to
an affirmative finding of a drug-free zone violation or (2) that the fact finder actually
increased the amount of punishment that was assessed after it found a drug-free-zone
violation. See Tex. Health & Safety Code § 481.134(h). We need not resolve that dispute
here because even if the latter, higher evidentiary burden applies, the evidence satisfies that
burden. 

 We have limited review of evidence claims in habeas proceedings. See Ex parte
Perales, 215 S.W.3d 418, 419 (Tex. Crim. App. 2007). A claim of insufficient evidence is
not cognizable on a postconviction writ of habeas corpus, but a claim of no evidence is
cognizable. (2) Id. Because our jurisdiction is limited to review for any evidence rather than
for sufficient evidence, we must deny the application if there is any evidence to support
application of the mandatory-cumulation provision. See id.; Tex. Health & Safety Code
§ 481.134(h). B. Some Evidence Supports the Cumulation Order for Drug-Free-Zone Offense

 In its findings of fact, the trial court stated that no evidence was presented to show that
applicant's 55-year prison sentence for possession of a controlled substance "was in fact
increased under [Texas Health and Safety Code] Sec. 481.134." The trial court apparently
presumed that the evidence must show that the jury actually increased the punishment
assessed due to the drug-free-zone finding. We will likewise make that presumption. It is
important to note, however, that direct evidence that a jury actually increased a defendant's
sentence due to a drug-free-zone finding will never be present because the rules of evidence
prohibit evidence from jurors about their deliberative process. See Tex. R. Evid. 606 ("[A]
juror may not testify as to any matter or statement occurring during the jury's deliberations,
or to the effect of anything on any juror's mind or emotions or mental processes, as
influencing any juror's assent to or dissent from the verdict or indictment."). For this reason,
assuming that the record must show that the fact finder actually increased a defendant's
sentence due to the affirmative finding of the drug-free-zone violation, the habeas record will
almost always be limited to a review of the circumstantial and documentary evidence.

 The record shows that the indictment for the drug-possession offense alleged that
applicant "did commit the above alleged offense within 1,000 feet of the premises of a
school, namely, St. Mary's school." The jury found applicant guilty of that offense and made
an affirmative finding that the possession occurred in a drug-free zone. As to the "special
issue drug free zone," the judgment states, "We, the jury, find it true . . . that the defendant
. . . did commit this offense in, on or within one thousand fee[t] of a school," and the
signature of the presiding juror follows the statement. The judgment orders, adjudges, and
decrees that applicant "is guilty of Possession of a Controlled Substance in a Drug Free Zone,
Enhanced, the Jury having found that the offense occurred in a Drug Free Zone." In pertinent
part, the judgment states, "Offense Convicted of: Possession of a Controlled Substance in a
Drug Free Zone, Enhanced" and "Finding on Drug Free Zone: Affirmative." Because the jury
found true the punishment-enhancement paragraphs, which alleged that applicant had two
prior felony convictions, the minimum punishment for this offense was 25 years in prison,
which was elevated to a minimum of 30 years in prison due to the drug-free-zone finding.
Tex. Health & Safety Code § 481.134(c). The jury-imposed sentence of 55 years in prison
is almost twice the statutory minimum sentence of 30 years. 

 Based on the entire record, some evidence shows that the jury increased applicant's
punishment due to the drug-free-zone violation because it found the allegation true, the trial
court included that affirmative finding in its judgment, and the jury sentenced applicant at
the higher punishment range. Although applicant may have arguments as to why the evidence
does not show that the jury actually increased her sentence due to the drug-free-zone finding,
those arguments have little weight in a habeas proceeding, which is limited to a review for
some evidence rather than for sufficient evidence. We hold that some evidence shows that
the punishment for the drug-possession offense was increased due to the jury's drug-free-zone affirmative finding. We, therefore, deny relief as to this claim.

III. Bill of Costs for Attorney's Fees

 Applicant's second ground argues that "no evidence was presented to support the
attorney fee charged by the bill of costs." Applicant explains that the bill of costs assesses
$1200 for attorney's fees, but asserts that the evidence failed to show that she was not
indigent. Applicant argues that no evidence shows that she was able to reimburse any part
of the attorney's fees, and, therefore, the attorney's fees should not have been included in the
bill of costs. The State responds that it could not find any authority specifically stating that
a claim that no evidence supports an order of reimbursement of attorney's fee is cognizable
in a habeas proceeding.

 A. Applicable Law

 The then-applicable provision in the Code of Criminal Procedure required a trial court
to order a defendant to pay costs of legal services provided if it determined that she had
financial resources that would enable her to pay. See former Tex. Code Crim. Proc. art.
26.05(g) (Vernon 2002). (3) "[T]he defendant's financial resources and ability to pay are
explicit critical elements in the trial court's determination of the propriety of ordering
reimbursement of costs and fees" under Article 26.05(g). Mayer v. State, 309 S.W.3d 552,
556 (Tex. Crim. App. 2010). The habeas court did not find, and the State does not contend,
that the trial court predicated its reimbursement order on any finding with respect to the
"critical elements" that a trial court must consider in determining whether to issue that type
of order. See In re Daniel, 396 S.W.3d 545, 548 (Tex. Crim. App. 2013). Rather than
claiming that the attorney's fees were properly assessed, the State's response focuses on this
Court's lack of jurisdiction because this is a habeas case rather than a direct-appeal case.

 On direct appeal, a defendant may properly challenge an order requiring repayment
of attorney's fees even though that order is not part of a defendant's sentence. Armstrong v.
State, 340 S.W.3d 759, 765-67 (Tex. Crim. App. 2011) ("[C]ourt costs do not 'alter the range
of punishment to which the defendant is subject, or the number of years assessed' and, thus,
are not part of the sentence.") (quoting Weir v. State, 278 S.W.3d 364, 367 (Tex. Crim. App.
2009)). If this case were before us on direct appeal, we could address the propriety of the
order requiring repayment of attorney's fees. See id.

 Applicant has raised this issue, however, in an application for a writ of habeas corpus.
We recently held, in In re Daniel, that we lacked jurisdiction to grant habeas relief under
Texas Code of Criminal Procedure Article 11.07 because a challenge to a reimbursement
order "in no way implicates the fact or duration of [an applicant's] confinement pursuant to
his conviction and, therefore, it is not the proper subject of a statutorily governed post-conviction application for writ of habeas corpus." See Daniel, 396 S.W.3d at 548. This
ground, therefore, must be dismissed.

 The remaining question is whether we should treat applicant's habeas application as
a petition for mandamus as we did in Daniel. See id. at 549. We decline to do so. The
difference between the procedural posture of Daniel and this case compels us to take a
different turn at this fork in the road. In Daniel, the district clerk, sua sponte and without
judicial action or approval, executed a bill of costs nine years after the judgment convicting
Daniel. See id. at 546-47. We observed that Daniel lacked an adequate legal remedy because
the bill of costs was entered "long after the applicant could have challenged it in the course
of an ordinary appeal . . . ." Id. at 549. We also observed that Daniel had conclusively
established his right to relief. Id. This Court treated Daniel's application for a writ of habeas
corpus as a petition for mandamus and granted the petition by ordering the district clerk to
delete the attorney's fees from the bill of costs. Id. at 547, 549.

 Unlike the applicant in Daniel, this applicant has not shown that she lacks an adequate
legal remedy. This Court has held that, "when a court of appeals and this court have
concurrent, original jurisdiction of a petition for a writ of mandamus against the judge of a
district or county court, the petition should be presented first to the court of appeals unless
there is a compelling reason not to do so." Padilla v. McDaniel, 122 S.W.3d 805, 808 (Tex.
Crim. App. 2003) (per curiam). Here, because the judgment incorporated the bill of costs
by reference, a petition for a writ of mandamus would be directed against the district-court
judge, and such a petition must first be decided by the court of appeals. See id. By
comparison, in Daniel, the petition was directed against the district clerk, who independently
charged Daniel with a bill of costs without judicial authorization. Daniel, 396 S.W.3d at 547-48. Because the action was directed against the district clerk challenging his authority to
enter an order, only this Court had the authority to grant mandamus relief, and, therefore,
Daniel could not have sought or obtained relief from the court of appeals. See id. at 548-49
(citing Tex. Const. art. V, § 5(c)). In light of our requirement that a defendant first file a
petition for mandamus against a district-court judge in the court of appeals, we decline to
treat this application as a petition for a writ of mandamus. See Padilla, 122 S.W.3d at 808.IV. Conclusion

 We deny applicant's no-evidence challenge to the cumulation order because some
evidence supports it. We dismiss applicant's challenge to the trial court's order requiring
repayment of attorney's fees because that order does not affect the fact or duration of
applicant's confinement pursuant to her conviction. Finally, because the court of appeals has
concurrent jurisdiction over a petition for a writ of mandamus directed against a district-court
judge, we decline to treat this habeas application as a petition for mandamus. 


Delivered: June 26, 2013

Publish
1. We note that, in the absence of the mandatory-cumulation provision, the trial court had
discretion to cumulate the sentences under the Texas Code of Criminal Procedure. See Tex. Health
& Safety Code § 481.134(h); Tex. Code Crim. Proc. art. 42.08. The record, however, does not
show that the sentences were cumulated under this discretionary provision or as part of applicant's
plea bargain. Accordingly, the habeas judge's findings state that he was "unable to make a finding
whether or not the [trial judge] would have cumulated applicant's sentences but for the prosecutor's
representation that cumulation was mandatory." The concurring opinion disagrees with this finding
of fact by the habeas judge and determines that cumulation was imposed as part of the plea bargain. 
But we must defer to the judge's fact finding because it is supported by the record. See Ex parte
Reed, 271 S.W.3d 698, 727 (Tex. Crim. App. 2008).
2. In the concurring opinion, it is suggested that applicant's claim is not cognizable in an
application for a writ of habeas corpus because applicant expressly waived her right to appeal by
pleading guilty and is thus prohibited from challenging the cumulation order for the first time on
habeas. In support of this proposition, the concurring opinion cites Ex parte Townsend, in which this
Court held that an applicant had forfeited his improper-stacking-order claim because that claim
should have been raised on direct appeal. 137 S.W.3d 79, 82 (Tex. Crim. App. 2004). This Court's
holding in Townsend, however, was not specific to stacking claims, but instead was rooted in the
more general principle that habeas corpus is an extraordinary remedy available only when there is
"no other adequate remedy at law." Id. at 81 (citing Ex parte Drake, 883 S.W.2d 213, 215 (Tex.
Crim. App. 1994)). In Townsend, we reasoned that the applicant in that case had an adequate remedy
at law because he was afforded the opportunity to raise the stacking issue on appeal following his
conviction. Id. (noting that there was "nothing to prevent the applicant from raising this claim on
direct appeal"). Unlike the applicant in Townsend, the applicant in this case could not have
challenged the cumulation order on direct appeal because she waived her appellate rights pursuant
to the plea agreement. Thus, applicant does not have another adequate remedy at law. Id. Habeas
corpus is the only vehicle for consideration of her no-evidence claim.

 Furthermore, this Court has, in other cases, permitted a no-evidence challenge even when an
applicant waived the right of appeal at trial. See, e.g., Ex parte Perales, 215 S.W.3d 418, 419 (Tex.
Crim. App. 2007) (holding that, notwithstanding applicant's waiver of appellate rights, no-evidence
claim "cognizable" on habeas). We, therefore, conclude that applicant's no-evidence claim is
cognizable regardless of any waiver of appellate rights through her plea agreement. See id.
3. That provision read,


 If the court determines that a defendant has financial resources that enable him to
offset in part or in whole the costs of legal services provided, including any expenses
and costs, the court shall order the defendant to pay during the pendency of the
charges or, if convicted, as court costs the amount that it finds the defendant is able
to pay.


Former Tex. Code Crim. Proc. art. 26.05(g).