In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00458-CR
_____

ISAAC LAMAR THOMAS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 410th District Court
Montgomery County, Texas
Trial Cause No. 10-02-01613-CR

MEMORANDUM OPINION

Isaac Lamar Thomas appeals from his conviction for aggravated robbery with a deadly weapon. The trial court sentenced Thomas to twenty-five years in prison.

Thomas argues that the evidence was legally insufficient to support his conviction, and that the trial court abused its discretion in assessing attorney fees against him. We modify the judgment to delete the assessment of attorney fees against Thomas and affirm the judgment as modified.

1

The conviction for aggravated robbery in this case required the State to prove that the accused (1) unlawfully appropriated property with the intent to deprive the owner of the property, (2) intentionally or knowingly threatened or placed another in fear of imminent bodily injury or death, and (3) used or exhibited a deadly weapon. *See* Tex. Penal Code Ann. § 31.03(a) (West Supp. 2012) (Theft); § 29.02(a)(2) (West 2011) (Robbery); § 29.03(a)(2) (West 2011) (aggravated robbery); *see also Bradley v. State*, 359 S.W.3d 912, 916 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). The State must prove beyond a reasonable doubt that the defendant is the person who committed the charged offense. *See Bradley*, 359 S.W.3d at 916. Thomas argues the evidence is legally insufficient to establish he is the person who committed the offense. He points out that no DNA or fingerprint evidence from the scene and no evidence recovered from either of the vehicles connected him to the crime.

The record establishes that two men entered the complainant's residence, restrained him, assaulted him, stole items from the home, threatened his life, and then drove away. The complainant testified that during the robbery Thomas told him that "this isn't personal[,]" and that Thomas and the other man wanted to settle a score with the complainant's brother. The complainant's brother testified that Thomas had been to the residence twice before---one time right before the robbery.

2

The brother testified that a drug deal he had with Thomas had "gone bad[.]" The brother named Thomas as a potential suspect.

The complainant testified he saw Thomas up close during the aggravated robbery and later identified him in a photographic lineup and again at trial as one of the two men who robbed him. The complainant also testified that Thomas had a gun during the robbery. The complainant identified the gun at trial as the gun that Thomas had during the robbery, and the gun which Thomas left at complainant's residence. The complainant testified that the intruders beat him, and that Thomas struck him in the face, handcuffed his hands behind his back, and tied his legs with a belt. Thomas took various items from the residence.

In determining the legal sufficiency of the evidence, the reviewing court considers the entire record in the light most favorable to the verdict and determines whether, based on the record, any rational trier of fact could have found the defendant guilty of all the essential elements of the offense beyond a reasonable doubt. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009); *see also Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Testimony of a single eyewitness can be enough to support a conviction. *Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971). The jury may find guilt without physical evidence linking the accused to the crime. *See Bradley*, 359 S.W.3d at

3

917; *Johnson v. State*, 176 S.W.3d 74, 75-77 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). As the sole judge of the credibility of the witnesses, the jury believed the complainant when he identified Thomas as the one who committed the aggravated robbery. *See Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010); *Vasquez v. State*, 67 S.W.3d 229, 236-37 (Tex. Crim. App. 2002).

The complainant had time to observe Thomas during the robbery. The complainant testified he could clearly see the faces of the two men. "[W]hen they were pointing the guns at me, like right at my face, I was looking at their face, trying to see what kind of expression they had, how they -- how serious they were. And I pretty much, like, memorized their face." Viewing the evidence in the light most favorable to the verdict, we conclude the evidence is legally sufficient to support the complainant's identification of Thomas as one of the men who robbed him and to support Thomas's conviction for aggravated robbery. We overrule issue one.

In issue two, Thomas argues the trial court abused its discretion in assessing attorney fees against him, because he is indigent. The State argues that the record does not establish Thomas is indigent, and he is not entitled to appointed counsel without payment.

4

Under article 26.05 of the Code of Criminal Procedure, the trial court has authority to order reimbursement of fees of an appointed attorney if the court determines that the defendant has financial resources that enable him to offset in part or in whole the costs of legal services provided to him. Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2012). Article 26.04 provides that the judges of the district courts trying criminal cases by local rule shall adopt and publish written countywide procedures for timely and fairly appointing counsel for an indigent defendant in the county, who is arrested for, charged with, or taking an appeal from a conviction of a misdemeanor or a felony. Tex. Code Crim. Proc. Ann. art. 26.04 (West Supp. 2012). The record includes an order appointing the counsel who represented Thomas at the trial of the case, and the same "appointment designee" appointed an attorney for Thomas on appeal. *See Mayer v. State*, 274 S.W.3d 898, 901 (Tex. App.—Amarillo 2008), *aff'd*, 309 S.W.3d 552 (Tex. Crim. App. 2010); *Roberts v. State*, 327 S.W.3d 880, 883 (Tex. App.—Beaumont 2010, no pet.) (If a court determines that a defendant is indigent, then he is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs.).

The sum of $8,500 in attorney fees was taxed against Thomas in the judgment. There is no evidence in the record that Thomas's financial

circumstances materially changed since the appointment of counsel before the trial of the case, and the appointment of appellate counsel for appeal of the case. *See generally Cates v. State*, 402 S.W.3d 250 (Tex. Crim. App. 2013); *In re Daniel*, 396 S.W.3d 545, 547-50 (Tex. Crim. App. 2013). We sustain issue two and modify the judgment to delete the portion requiring that Thomas pay attorney fees in the amount of $8,500. The judgment is affirmed as modified.

AFFIRMED AS MODIFIED.

_____
DAVID GAULTNEY
Justice

Submitted on June 27, 2013
Opinion Delivered September 18, 2013
Do Not Publish

Before McKeithen, C.J., Gaultney and Horton, JJ.