

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-76,959

### IN RE: JEFFERIE ANTERIES DANIEL, Relator

### ON PETITION FOR A WRIT OF MANDAMUS
### IN CAUSE NO. 2000CR1247 IN THE
### 399TH DISTRICT COURT OF BEXAR COUNTY

**PRICE, J., delivered the opinion for a unanimous Court.**

## O P I N I O N

This case concerns a bill of costs purporting to order the reimbursement of attorney fees some nine years after judgment was entered against the applicant. It comes before us in the guise of a post-conviction application for writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure,[1] but, for reasons which we shall presently explain, we will treat it instead as an application for writ of mandamus and grant conditional relief.

---

[1] TEX. CODE CRIM. PROC. art. 11.07.

The judgment entered against the applicant reflects that he was charged with the offense of forgery of a check in cause number 2000CR1247, allegedly committed on September 27, 1999.[2] A jury convicted him of that offense on January 31, 2002. On April 12, 2002, he pled true before the trial court to unspecified enhancement provisions, and the trial court assessed a sentence of twenty years' incarceration in the penitentiary.[3] The judgment also reflects that court costs were assessed against the applicant on that date in the amount of $295.25. In the specific category of "APPOINTED ATTY," however, the trial court assessed no cost against the applicant in the judgment. The judgment reflects that the applicant was represented by counsel at trial, but does not specify whether counsel was retained or appointed.

More than nine years later, on July 27, 2011, the Bexar County District Clerk issued a "Bill of Cost" with respect to cause number 2000CR1247. In addition to the $295.25 that were specifically assessed in the judgment as court costs in 2002, this belated "Bill of Cost" also assessed a cost for "APPOINTED ATTY" in the amount of $7,945.00. The applicant subsequently filed a pleading denominated as a post-conviction application for writ of habeas

---

[2]  There is no copy of the indictment in the record presently before us.

[3]  The judgment reflects that the applicant was charged with forgery punishable as a state jail felony under Section 32.21(d) of the Texas Penal Code. TEX. PENAL CODE § 32.21(d). The judgment also reflects, in the category of "PLEA TO ENHANCEMENT," that the applicant pled "TRUE TO HABITUAL," while in the category "FINDING ON ENHANCEMENT," the trial court accordingly found "TRUE TO HABITUAL." Without the indictment before us, we cannot precisely determine how the applicant became susceptible to a twenty-year sentence, but he does not challenge that sentence in any respect in this proceeding.

corpus, on this Court's prescribed form,[4] challenging the district clerk's apparently unilateral assessment of appointed attorney fees as a cost of court on due process grounds. The applicant alleged that, as of the time of his trial and appeal, he had been "declared indigent and has had no material change in his financial status" since that time. Relying upon Article 26.05(g) of the Code of Criminal Procedure,[5] as well as this Court's opinion in *Mayer v. State*,[6] the applicant claimed that, because the trial court has never made a finding that he is able to pay the cost of his representation, the "Bill of Cost" should be deleted.[7] The trial court forwarded the application to this Court with a recommendation that it simply be dismissed for failing to state facts that, even if true, would entitle him to relief from the judgment of conviction against him. In essence, the trial court would have us dismiss the applicant's purported writ application because it does not state a claim that is cognizable in felony post-conviction habeas proceedings under Article 11.07.

---

[4]

*See* TEX. R. APP. P. 73.1(a).

[5]

Effective January 1, 2002, this provision reads:

> (g) If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay.

Acts 2001, 77th Leg., ch. 906, § 8, p.1808, eff. Jan. 1, 2002.

[6]

309 S.W.3d 552 (Tex. Crim. App. 2010).

[7]

*See* Defendant's Brief in Support of 11.07 Habeas Petition at 5.

Rather than immediately accepting that recommendation, and without specifically addressing the trial court's concern with the cognizability of the applicant's claim, this Court remanded the cause to the trial court for further fact development.[8] The trial court has now forwarded amended findings of fact and conclusions of law to this Court. Relying upon "personal recollection,"[9] but without addressing whether the applicant was indigent and represented by appointed counsel *at trial*, the trial court made an express finding of fact that the applicant was determined to be indigent for purposes of *appeal* on May 6, 2002, and that counsel was duly appointed to represent him for appellate purposes on May 21, 2002. Moreover, the trial court determined, "[t]here is no record that the court conducted any

---

[8]

*See Ex parte Daniel*, 2012 WL 4449425 (No. WR-54,101-06, Tex. Crim. App., delivered September 26, 2012) (not designated for publication). Observing that "[t]here is no indication that the trial court ever signed an order imposing [attorney fees as court] costs or complying with" Article 26.05(g), we found that the applicant had "alleged facts that, if true, might entitle him to relief." We remanded the cause accordingly, with the following instructions:

> The trial court shall make findings of fact as to whether Applicant was declared indigent at the time of his trial and appeal and if so, when, if at all, the trial court ordered that Applicant repay attorney fees from his trial or appeal. If the trial court ordered Applicant to repay attorney fees, the trial court shall find whether any determination as to Applicant's ability to pay was made prior to imposing those fees, and whether Applicant had the ability to appeal the imposition of such fees. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

*Id*. at *1.

[9]

*See* TEX. CODE CRIM. PROC. art. 11.07, § 3(d) (to resolve controverted issues of fact, trial court "may order affidavits, depositions, interrogatories, additional forensic testing, and hearings, as well as using personal recollection"). The same judge who signed the judgment of conviction in 2002 has also presided over these purported Article 11.07 proceedings.

hearing or findings into [the applicant's] ability to pay his court-appointed attorney fees after [he] was determined to be indigent." On the basis of these amended findings, the trial court now recommends that we grant habeas corpus relief by deleting the "Bill of Cost."

In *Mayer v. State*, we observed that "the defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" under Article 26.05(g).[10] The trial court has conceded that the District Clerk's 2011 "Bill of Cost" is not predicated upon any findings whatsoever with respect to these "critical elements." Because no such findings were made during the nine years between the entry of the judgment and the Clerk's issuance of the "Bill of Cost," there is no basis for the assessment of attorney fees in the latter.[11]

We decline to grant post-conviction habeas corpus relief under Article 11.07, however. On reflection, we conclude, as did the convicting court in its initial

---

[10] 309 S.W.3d at 556. *See also Armstrong v. State*, 340 S.W.3d 759, 765-66 (Tex. Crim. App. 2011) (quoting *Mayer*).

[11] Assuming, without deciding, that the applicant's claim would be subject to ordinary notions of procedural default, we note that he has raised his claim at the earliest opportunity after the District Clerk issued its unilateral "Bill of Cost." Moreover, we need not decide whether the District Clerk's "Bill of Cost" would have been valid had it actually been predicated on a finding by the trial court, nine years after the fact, that the applicant can now afford to reimburse the State for the cost of his court-appointed representation. In *Curry v. Wilson*, 853 S.W.2d 40, 44-45 (Tex. Crim. App. 1993), we held that a trial court's jurisdiction persists, even after the entry of a judgment of acquittal, to order the repayment of county funds under Article 26.05(g) (then Article 26.05(e)). We placed no specific time limits on this "continuing authority." The provision was amended in 2002, however, to require that any such order be made "during the pendency of the charges or, if convicted, as court costs[.]" Acts 2001, 77th Leg., ch. 906, § 8, p. 1808, eff. Jan. 1, 2002. Whether this language qualifies our holding of "continuing authority" in *Curry v. Wilson* is an issue we need not presently decide, given the trial court's concession that no such order has ever been entered in this case.

recommendation, that the applicant's challenge to the "Bill of Cost" in no way implicates the fact or duration of his confinement pursuant to his conviction in cause number 2000CR1247; for this reason, it is not the proper subject of a statutorily governed post-conviction application for writ of habeas corpus.[12] On the other hand, if the District Clerk's "Bill of Cost" has any validity at all, it could be only by virtue of the trial court's authority under Article 26.05(g), and questions of the validity of orders entered under the authority of this provision, we have held, constitute "criminal law matters" for purposes of our mandamus jurisdiction under Article V, Section 5(c), of the Texas Constitution.[13] It has long been our practice with respect to pleadings in extraordinary matters to look to the substance of the pleading, not its denomination.[14] Considering the substance of the present applicant's

---

[12] *See, e.g.*, *Ex parte Lockett*, 956 S.W.2d 41, 42 (Tex. Crim. App. 1997) (this Court lacked jurisdiction under Article 11.07 to entertain a claim that assessment of a drug tax against the applicant violated double jeopardy because his "drug-tax claim does not request a change of either the fact or length of his confinement"); *Ex parte Baker*, 185 S.W.3d 894, 897-98 (Tex. Crim. App. 2006) (Article 11.07 habeas corpus relief "not available" to challenge effectiveness of counsel during post-conviction DNA-testing proceedings because those proceedings do not, in themselves, "impose an independent confinement"); George E. Dix & John M. Schmolesky, 43B Texas Practice: Criminal Practice and Procedure § 58:3, at 713-14 (3rd ed. 2011) ("Use of the Article 11.07 procedure is . . . limited to efforts to challenge either the fact or length of the confinement resulting from a felony conviction.").

[13] *Johnson v. Tenth Judicial District Court of Appeals*, 280 S.W.3d 866, 869 (Tex. Crim. App. 2008); *Curry v. Wilson*, *supra*, at 43; *Smith v. Flack*, 728 S.W.2d 784, 788-89 (Tex. Crim. App. 1987); Tex. Const. art. V, § 5(c). *Cf. Armstrong*, *supra*, at 767 (holding that sufficiency of the evidence to support order to reimburse attorney fees under Article 26.05(g) constituted a "criminal law matter" for purposes of invoking court of appeals's authority to resolve criminal appeals).

[14] *E.g.*, *Houlihan v. State*, 579 S.W.2d 213, 216-17 (Tex. Crim. App. 1979); *Broggi v. Curry*, 571 S.W.2d 940 (Tex. Crim. App. 1978); *State ex rel. Vance v. Clawson*, 465 S.W.2d 164, 168-69 (Tex. Crim. App. 1971).

pleading, we will treat it as an application for writ of mandamus that asks us to compel the Bexar County District Clerk to amend the "Bill of Cost" corresponding to cause number 2000CR1247 that was filed on July 27, 2011.

Before we may grant extraordinary relief on his application as a writ of mandamus, the applicant must fulfill two prerequisites. First, he must show that he lacks an adequate legal remedy.[15] Because the District Clerk's "Bill of Cost" came nine years after the judgment of conviction was entered, long after the applicant could have challenged it in the course of an ordinary appeal,[16] because it does not now constitute an independently appealable order,[17] and because we have held today that it cannot be challenged in a post-conviction habeas corpus proceeding, we conclude that the applicant has satisfied the showing that he has no adequate legal remedy available. Second, he must show that he has a clear entitlement to the relief he seeks.[18] In the apparent absence of an order from the trial court under Article 26.05(g) mandating the reimbursement of appointed attorney fees—not

---

[15] *E.g.*, *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Crim. App. 2011).

[16] The appellant in *Armstrong* was able to appeal the assessment of attorney fees, but in that case, the bill of costs that included those fees was "prepared" the day after the appellant's deferred-adjudication probation was revoked and the trial court signed the judgment proceeding to adjudication. 340 S.W.3d at 762.

[17] The right to appeal is conferred by statute. *Johnson*, *supra*, at 873, n.38. We are aware of no statute conferring a right to appeal from a bill of costs independently of the appeal of the judgment of conviction in a criminal case, as in *Armstrong*.

[18] *Bowen*, *supra*.

to mention the necessary finding that a previously indigent applicant has the present financial wherewithal to pay those appointed attorney fees—the District Clerk lacked any authority to assess attorney fees as part of the belated "Bill of Cost" filed on July 27, 2011.[19] Accordingly, we will conditionally grant mandamus relief and order the Bexar County District Clerk to delete the assessment of costs for attorney fees in the amount of $7,945.00 from the "Bill of Cost" that was filed on that date, corresponding with the judgment in cause number 2000CR1247, while leaving intact those costs, in the amount of $295.25, that were expressly imposed by the trial court in the judgment.

We assume that the District Clerk will immediately comply with our order; the writ of mandamus will issue only in the event that she should refuse to do so. Mandamus relief is conditionally granted.

DELIVERED:  April 17, 2013
PUBLISH

---

[19] TEX. CODE CRIM. PROC. art. 26.05(g); *Mayer*, *supra*, at 556. In *Armstrong*, we held that "attorney fees as set forth in a certified bill of costs are effective whether or not incorporated by reference in the written judgment." 340 S.W.3d at 767. Even so, Article 26.05(g) contemplates an express order from the trial court to require a defendant to reimburse to the State "the amount that it finds [he] is able to pay." The trial court has conceded that it made no finding with respect to the applicant's ability to pay prior to the District Clerk's filing of the "Bill of Cost" in this case.