IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-79,600-01




EX PARTE FRANKIE VARELA, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
FROM ECTOR COUNTY




           Johnson, J., filed a concurring statement.


C O N C U R R I N G S T A T E M E N T

            I join in the Court’s disposition of this application for a writ of habeas corpus. In In re
Daniel, 396 S.W.3d 545 (Tex. Crim. App. 2013), this Court determined that an application for a writ
of habeas corpus pursuant to Code of Criminal Procedure Article 11.07 is not the proper remedy for
the claim that Daniel asserted–that the district clerk had, many years after the entry of judgment,
billed him for attorney’s fees and that the district clerk had no authority to enter a bill of costs for
attorney’s fees in the absence of evidence of a material change in Daniel’s financial status such that
he was no longer indigent. Such a claim is one of the bases on which applicant now seeks relief.
            We held in Daniel that any relief that was appropriate should be sought by way of an
application for a writ of mandamus.
[W]e conclude, as did the convicting court in its initial recommendation, that the
applicant’s challenge to the “Bill of Cost” in no way implicates the fact or duration
of his confinement pursuant to his conviction . . .; for this reason, it is not the proper
subject of a statutorily governed post-conviction application for writ of habeas
corpus. On the other hand, if the District Clerk’s “Bill of Cost” has any validity at
all, it could be only by virtue of the trial court’s authority under Article 26.05(g), and
questions of the validity of orders entered under the authority of this provision, we
have held, constitute “criminal law matters” for purposes of our mandamus
jurisdiction under Article V, Section 5(c), of the Texas Constitution. It has long been
our practice with respect to pleadings in extraordinary matters to look to the
substance of the pleading, not its denomination. Considering the substance of the
present applicant’s pleading, we will treat it as an application for writ of mandamus
that asks us to compel the . . . District Clerk to amend the “Bill of Cost” . . ..
. . .
Before we may grant extraordinary relief on his application as a writ of mandamus,
the applicant must fulfill two prerequisites. First, he must show that he lacks an
adequate legal remedy. Because the District Clerk’s “Bill of Cost” came nine years
after the judgment of conviction was entered, long after the applicant could have
challenged it in the course of an ordinary appeal, because it does not now constitute
an independently appealable order, and because we have held today that it cannot be
challenged in a post-conviction habeas corpus proceeding, we conclude that the
applicant has satisfied the showing that he has no adequate legal remedy available.
Second, he must show that he has a clear entitlement to the relief he seeks. In the
apparent absence of an order from the trial court under Article 26.05(g) mandating
the reimbursement of appointed attorney fees—not to mention the necessary finding
that a previously indigent applicant has the present financial wherewithal to pay those
appointed attorney fees—the District Clerk lacked any authority to assess attorney
fees as part of the belated “Bill of Cost” . . .. Accordingly, we will conditionally
grant mandamus relief and order the . . . District Clerk to delete the assessment of
costs for attorney fees . . .from the “Bill of Cost” that was filed on that date, . . . while
leaving intact those costs . . . that were expressly imposed by the trial court in the judgment.

Id. at 548-50. (Footnotes omitted.)
            In Daniel, we treated the application as if it were an application for a writ of mandamus. In
doing so, we made clear that future applications for such relief must be filed as an application for
a writ of mandamus. Today, we dismiss applicant’s habeas corpus claim as to the imposition of
attorney’s fees, but he may still seek relief through mandamus.
Filed: July 24, 2013
Do not publish