

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0498-13

**EDUARDO PEREZ, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### HARRIS COUNTY

ALCALA, J., filed a concurring opinion in which KELLER, P.J., and HERVEY and COCHRAN, JJ., joined.

### CONCURRING OPINION

I join the majority opinion. I write separately to highlight the general concept that is applicable here that sitting on your rights or waiving them may cause you to lose them. I agree with the majority opinion that, by sitting on his rights in failing to appeal or otherwise challenge the imposition of court costs in the amount of $203 at or near the time that he was placed on deferred adjudication, Eduardo Perez, appellant, is not permitted to now assert that challenge through the criminal courts after the revocation of his deferred adjudication.

Although appellant will likely be unable to challenge the $203 in court costs because of his legal slumber, there are at least five avenues for an alert defendant who believes that the court costs imposed against him are erroneous or should not be collected.

First, this Court recently held that an appellant may challenge the imposition of court costs on direct appeal. *See Johnson v. State*, No. PD-0193-13, ___S.W.3d___, 2014 WL 714736 (Tex. Crim. App. Feb. 26, 2014). This challenge may be made even when an appellant has failed to preserve his complaint at trial. *See id*. Appellant, however, slept on this right by not appealing from the judgment imposing the $203 in court costs.

Second, even if he fails to challenge the assessment of costs on direct appeal, a defendant has one year after the final disposition of the case in which court costs were imposed to seek to correct any error in the costs. *See* TEX. CODE CRIM. PROC. art. 103.008. Article 103.008 states,

> On the filing of a motion by a defendant not later than one year after the date of the final disposition of a case in which costs were imposed, the court in which the case is pending or was last pending shall correct any error in the costs.

*Id*. A defendant who did not appeal a sentence, therefore, could still challenge any error in the costs by filing a motion in the trial court within a year of the date of final disposition of the case in which costs were assessed against him. *See id*.; *Johnson*, ___S.W.3d___, 2014 WL 714736, at *7. Alternatively, if his case is on appeal or was appealed, then he could file a motion in the court of appeals or this Court within a year of the final disposition of the case in which those costs were assessed. *See* TEX. CODE CRIM. PROC. art. 103.008. Appellant,

however, is now complaining of court costs that were imposed against him almost six years ago, well past the one-year period when he could have challenged them under article 103.008. *See id*. Because appellant did not challenge the imposition of the costs on direct appeal or within a year of the trial court's judgment assessing the court costs against him, his decision to slumber on his right has forfeited that challenge.

Third, an appellant who is assessed court costs after expiration of the period of time when he could have filed a direct appeal or a challenge under article 103.008 could obtain relief through a petition for mandamus. *See In re Daniel*, 396 S.W.3d 545, 549 (Tex. Crim. App. 2013) (treating habeas writ as writ for mandamus when record showed Daniel had no adequate remedy by appeal because the bill of costs was sent to him years after the judgment was rendered and the record showed a clear entitlement to relief). Unlike in *Daniel*, however, appellant would not be entitled to this possible remedy because he had an adequate remedy by appeal and decided not to appeal. *Compare id*. & *id.* n.16, *with Armstrong v. State*, 340 S.W.3d 759, 762 (Tex. Crim. App. 2011) (challenge on appeal to attorney's fees prepared "the following day" after Armstrong's guilt was adjudicated and he was sentenced). This avenue, however, may be available for those defendants who do not obtain a bill of costs until after the time for filing a direct appeal or a challenge through article 103.008 has expired.[1]

---

[1] This Court has held that a defendant may not challenge the imposition of costs through a post-conviction writ of habeas corpus. *See Ex parte Knight*, 401 S.W.3d 60, 66 (Tex. Crim. App. 2013); *In re Daniel*, 396 S.W.3d 545, 548 (Tex. Crim. App. 2013) (habeas writ against bill of costs

(continued...)

Fourth, an appellant could lawfully decide not to pay court costs until a written bill is "produced" or "ready to be produced." TEX. CODE CRIM. PROC. art. 103.001. Article 103.001 states,

> Costs Payable
> A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost.

*Id*. I note, however, that this article is silent with respect to the meaning of "ready to be produced," and it is difficult to imagine how the amount due could have been determined without the written bill being, at a minimum, "ready to be produced." *See id*. Nonetheless, the language of this section clearly does not require a person to pay a cost until, at a minimum, the written bill is ready to be produced.

In his brief in support of his petition for discretionary review, appellant suggests that the trial court could not properly revoke his community supervision for failure to pay court costs because those costs would not be payable until the written bill had been produced or was ready to be produced. *See id*. But appellant misrepresents the record before us. The record shows that the State filed a motion to adjudicate that alleged violations of appellant's community supervision and to which appellant pleaded true, including (1) failure to report to his community supervision officer, (2) failure to present verification of employment, (3) failure to notify his community supervision officer of his change of address, (4) failure to pay

---

[1](...continued)
"in no way implicates the fact or duration of his confinement pursuant to his conviction").

his supervision fees, (5) failure to pay his fines and court costs, (6) failure to pay a lab processing fee, (7) failure to obtain and pay for an offender identification card, (8) failure to pay a fee to Crime Stoppers, (9) failure to submit to an alcohol and drug treatment program, (10) failure to submit to educational skill level assessments, (11) failure to participate in parenting classes, and (12) failure to participate in English-as-a-second-language courses. The trial court's order on the motion to adjudicate guilt notes that "[w]hile on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's [motion to adjudicate guilt] as follows: Failing To Report." Appellant's deferred adjudication, therefore, was not revoked for his failure to pay the bill of costs. Because appellant was not revoked for failure to pay the bill of costs, his argument that his bill of costs was not payable is immaterial to his challenge to the trial court's revocation decision.

I note here that, in about twenty-five years of my experience in criminal law, I have yet to see a case where a defendant's community supervision was revoked solely for failure to pay court costs. Furthermore, the Legislature has provided stricter evidentiary requirements for the revocation of community supervision based only on the failure to pay court costs. The Texas Code of Criminal Procedure states,

> In a community supervision revocation hearing at which it is alleged only that the defendant violated the conditions of community supervision by failing to pay compensation paid to appointed counsel, community supervision fees, or court costs, the state must prove by a preponderance of the evidence that the defendant was able to pay and did not pay as ordered by the judge.

TEX. CODE CRIM. PROC. art 42.12, § 21(c). In the unlikely scenario where the State seeks to revoke a community supervision solely for the failure to pay court costs, it would appear that it would have the evidentiary burden to show (1) that the costs were payable in that the written bill had been produced or was ready to be produced, and (2) that the defendant had the ability to pay and did not pay as ordered. *See id.*; TEX. CODE CRIM. PROC. art. 103.001. Because his community supervision was revoked for grounds other than his court costs, appellant has no valid complaint that his failure to pay court costs as a condition of his community supervision was because they were not payable.

Fifth, when the State seeks to collect money from an inmate trust account, a defendant may have a civil remedy. *See Harrell v. State*, 286 S.W.3d 315, 317 (Tex. 2009). Proceedings under Government Code section 501.014(e) to recover court fees and costs assessed against inmates are civil in nature and are not part of the underlying criminal case. *Id*. Harrell did not challenge the amount of fees and costs originally assessed in his criminal cases or the authority of the trial court to assess them. *Id*. at 319. Rather, Harrell claimed that his procedural due-process rights to notice and an opportunity to be heard were violated by the withdrawal of money from his inmate trust account. *Id*. The Texas Supreme Court held that Harrell received all that due process requires, namely, a post-withdrawal notice and hearing. *Id*. at 321 (construing TEX. GOV'T CODE § 501.014(e)). Nonetheless, this case does show that an alert defendant may challenge the State's efforts to collect from an inmate trust account on the grounds that he had not received due process. A defendant could not slumber

on his rights in pursuing a civil remedy, however, because that would be subject to the applicable limitations period.

All in all, it appears that there are at least five possible avenues for challenging the imposition or collection of costs for those who do not slumber on their rights. It also appears, at least to me, that a trial court can easily prevent almost all due-process litigation concerning a bill of costs by simply providing the bill to a defendant at the time he is sentenced (notice), and giving him time to review it and voice any concerns (an opportunity to be heard). With these comments, I join the majority opinion.

Filed: March 12, 2014

Publish