IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-80,297-01






EX PARTE COLT PRESTON ST. JOHN, Applicant







ON APPLICATION FOR WRIT OF HABEAS CORPUS

CAUSE NO. C-3-010008-1195007-A

IN CRIMINAL DISTRICT COURT NUMBER THREE

TARRANT COUNTY




 Per curiam. Hervey, J., dissents.


O P I N I O N


 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to the Court this application for a writ of habeas
corpus. (1) The applicant pleaded guilty to the offense of possession of a controlled substance
and was sentenced to four years' imprisonment. He did not appeal his conviction.

 In his first claim, the applicant contends that he was denied due process when the trial
court assessed "court costs" without first determining whether he had the financial resources
to pay those costs. It is unclear, either from the applicant's pleadings or from the face of the
record, whether the applicant is complaining of the erroneous imposition of attorney fees, (2)
or, alternatively, the imposition of general court costs. (3) In any event, neither of these
complaints "implicates the fact or duration of [the applicant's] confinement pursuant to his
conviction and, therefore," neither is "the proper subject of a statutorily governed post-conviction application for writ of habeas corpus." (4) In light of this, the applicant's first claim,
insofar as it seeks relief from court costs via writ of habeas corpus, "must be dismissed." (5)

 In his second claim, the applicant complains that his plea was rendered involuntary
by the trial court's failure to admonish him that, pursuant to the assessment of court costs,
"his prison Trust Fund could or would be seized." However, the trial court has no duty to
admonish the defendant that court costs may be assessed. (6) Furthermore, the applicant does
not make a credible argument that, had he known the mechanism by which these costs might
be assessed, he would have insisted on proceeding to trial rather than entering a plea of
guilty. This claim is without merit and is denied.

 In his third claim, the applicant complains that his "Fourth Amendment right was
violated when his prison trust fund was unreasonably seized and encumbered." As with his
first claim, this complaint implicates neither the fact nor the length of the applicant's
confinement. The applicant's third claim is dismissed.

 The instant application for writ of habeas corpus is denied in part and dismissed in
part.


DELIVERED: MAY 21, 2014

DO NOT PUBLISH
1. Tex. Code Crim. Proc. art. 11.07, § 3.
2. See Tex. Code Crim. Proc. art. 26.05(g); In re Daniel, 396 S.W.3d 545 (Tex. Crim. App.
2013).
3. See Tex. Code Crim. Proc. arts. 42.15, 42.16; id. ch. 102; Johnson v. State, 423 S.W.3d
385 (Tex. Crim. App. 2014).
4. Ex parte Knight, 401 S.W.3d 60, 66 (Tex. Crim. App. 2013) (internal quotation marks
omitted) (quoting Daniel, 396 S.W.3d at 548).
5. Id. However, the applicant is not necessarily without recourse. We have said that a claim
of the invalid assessment of attorney fees is cognizable by way of an application for writ of
mandamus. See Daniel, 396 S.W.3d at 548-49 ("[Q]uestions of the validity of orders entered under
the authority of [Article 26.05(g)], we have held, constitute 'criminal law matters' for purposes of
our mandamus jurisdiction under Article V, Section 5(c), of the Texas Constitution.").
6. See Tex. Code Crim. Proc. art. 26.13(a).