

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-80,297-01

### EX PARTE COLT PRESTON ST. JOHN, Applicant

### ON APPLICATION FOR WRIT OF HABEAS CORPUS
### CAUSE NO. C-3-010008-1195007-A
### IN CRIMINAL DISTRICT COURT NUMBER THREE
### TARRANT COUNTY

**PER CURIAM. HERVEY, J., dissents.**

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to the Court this application for a writ of habeas corpus.[1] The applicant pleaded guilty to the offense of possession of a controlled substance and was sentenced to four years' imprisonment. He did not appeal his conviction.

In his first claim, the applicant contends that he was denied due process when the trial court assessed "court costs" without first determining whether he had the financial resources

---

[1] TEX. CODE CRIM. PROC. art. 11.07, § 3.

to pay those costs. It is unclear, either from the applicant's pleadings or from the face of the record, whether the applicant is complaining of the erroneous imposition of attorney fees,[2] or, alternatively, the imposition of general court costs.[3] In any event, neither of these complaints "implicates the fact or duration of [the applicant's] confinement pursuant to his conviction and, therefore," neither is "the proper subject of a statutorily governed post-conviction application for writ of habeas corpus."[4] In light of this, the applicant's first claim, insofar as it seeks relief from court costs via writ of habeas corpus, "must be dismissed."[5]

In his second claim, the applicant complains that his plea was rendered involuntary by the trial court's failure to admonish him that, pursuant to the assessment of court costs, "his prison Trust Fund could or would be seized." However, the trial court has no duty to admonish the defendant that court costs may be assessed.[6] Furthermore, the applicant does

---

[2]

See TEX. CODE CRIM. PROC. art. 26.05(g); *In re Daniel*, 396 S.W.3d 545 (Tex. Crim. App. 2013).

[3]

See TEX. CODE CRIM. PROC. arts. 42.15, 42.16; *id.* ch. 102; *Johnson v. State*, 423 S.W.3d 385 (Tex. Crim. App. 2014).

[4]

*Ex parte Knight*, 401 S.W.3d 60, 66 (Tex. Crim. App. 2013) (internal quotation marks omitted) (quoting *Daniel*, 396 S.W.3d at 548).

[5]

*Id.* However, the applicant is not necessarily without recourse. We have said that a claim of the invalid assessment of attorney fees is cognizable by way of an application for writ of mandamus. *See Daniel*, 396 S.W.3d at 548-49 ("[Q]uestions of the validity of orders entered under the authority of [Article 26.05(g)], we have held, constitute 'criminal law matters' for purposes of our mandamus jurisdiction under Article V, Section 5(c), of the Texas Constitution.").

[6]

See TEX. CODE CRIM. PROC. art. 26.13(a).

not make a credible argument that, had he known the mechanism by which these costs might be assessed, he would have insisted on proceeding to trial rather than entering a plea of guilty. This claim is without merit and is denied.

In his third claim, the applicant complains that his "Fourth Amendment right was violated when his prison trust fund was unreasonably seized and encumbered." As with his first claim, this complaint implicates neither the fact nor the length of the applicant's confinement. The applicant's third claim is dismissed.

The instant application for writ of habeas corpus is denied in part and dismissed in part.

DELIVERED:      MAY 21, 2014
DO NOT PUBLISH