

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-1757-13

---

**TAWONA SHARMIN RILES, Appellant**

**v.**

**THE STATE OF TEXAS**

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### POTTER COUNTY

---

**ALCALA, J., filed a concurring opinion.**

### CONCURRING OPINION

I join the majority opinion in its decision to affirm the judgment of the court of appeals upholding the trial court's imposition of attorney's fees against Tawona Sharmin Riles, appellant. *See Riles v. State*, 417 S.W.3d 606, 609, 613 (Tex. App.—Amarillo 2013) (original op. & op. on reh'g). Like the majority opinion, I conclude that, by failing to appeal the trial court's order that she pay $1,000 in attorney's fees at the time when she was initially granted deferred adjudication, appellant forfeited her right to later complain about those fees in an appeal from the trial court's judgment adjudicating guilt. Additionally, I agree with the

majority opinion's decision not to address the $3,185 that appellant was ordered to pay for her representation during the revocation proceeding because that amount is not included in appellant's ground for review. I write separately to discuss additional matters that have informed my decision to join this Court's majority opinion.

First, with respect to the majority opinion's conclusion that appellant forfeited her complaint as to the $1,000 amount by failing to raise that complaint in an appeal from the trial court's order placing her on community supervision, I note that, although the trial court failed to make appellant aware of the precise amount of court costs that it would order her to pay as a condition of her community supervision, it is reasonable to infer from this record that appellant was aware of the approximate amount of the costs. It is reasonable to expect that, when appellant signed the written acknowledgments that she was able to pay attorney's fees, in explaining those documents to appellant, trial counsel, who necessarily would have known the approximate amount of the fees incurred by him in representing appellant during the plea proceeding, would have conveyed that information to appellant in advising her with respect to her affirmative representation to the trial court that she had the ability to pay the specified costs. The record thus supports the inference that appellant's counsel would have told appellant the approximate amount of attorney's fees when she represented to the trial court that she had the ability to pay those fees; appellant thus had knowledge of and failed to timely assert her present challenge that the trial court did not consider her ability to pay the attorney's fees. *See id.* I, therefore, also agree with this Court's majority opinion that,

in *Wiley v. State*, this Court limited procedural default under *Manuel v. State* to situations in which an appellant has knowledge of and fails to challenge an issue related to court costs, but that here, appellant had knowledge of and failed to timely assert her present challenge that the trial court did not consider her ability to pay the $1,000 in attorney's fees. *See Wiley v. State*, 410 S.W.3d 313, 318 (Tex. Crim. App. 2013); *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999).

Although I agree with this Court's majority opinion's analysis with respect to procedural default as to the court costs for $1,000 in attorney's fees, I additionally observe that, even if her appeal were not procedurally forfeited, appellant would lose on the merits of her complaint in light of the record that shows sufficient evidence that the trial court did consider her ability to pay. A complaint raised pursuant to Article 26.05(g) is a sufficiency-of-the-evidence challenge. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010); *see also Jackson v. Virginia*, 443 U.S. 307, 326 (1979). Article 26.05 of the Code of Criminal Procedure requires a trial court, when ordering reimbursement of attorney's fees, to consider a defendant's ability to pay those fees in part or in whole. TEX. CODE CRIM. PROC. art. 26.05(g). Article 26.05(g) states, "If the court determines that a defendant has financial resources that enable [her] to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay." *See id*. Because the record affirmatively shows that appellant

represented to the trial court that she was able to pay court costs for attorney's fees as part of the conditions of her community supervision, and because it reasonably suggests that counsel would have informed her about the approximate amount of those fees, appellant cannot show that the trial court did not consider her ability to pay attorney's fees or that the evidence is insufficient to establish that she had the ability to pay the fees during the course of her community supervision. Even reaching the merits, therefore, appellant's claim should be denied.

Second, although I agree with the majority opinion's decision not to address the $3,185 amount that appellant was ordered to pay for her representation during the revocation proceedings, I observe that, because she did not receive a Bill of Costs listing that amount until after her appellate brief was filed, the posture of this case is identical to the situation in *In re Daniel*, 396 S.W.3d 545, 549 (Tex. Crim. App. 2013). This Court, in *Daniel*, held that a defendant who is assessed court costs after expiration of the period of time during which he could have filed a direct appeal or a challenge under Article 103.008 could obtain relief through a petition for mandamus. *Id*. This Court treated Daniel's habeas writ as a writ of mandamus when the record showed that he had no adequate remedy by appeal because the bill of costs was sent to him years after the judgment was rendered, and the record showed a clear entitlement to relief. *Id*. As I noted in my concurring opinion in *Perez v. State,* mandamus relief pursuant to *Daniel* "may be available for those defendants who do not obtain a bill of costs until after the time for filing a direct appeal or a challenge through

article 103.008 has expired." *Perez v. State*, 424 S.W.3d 81, 88 (Tex. Crim. App. 2014) (Alcala, J., concurring).

With these comments, I join the majority opinion in affirming the judgment of the court of appeals.

Filed: February 4, 2015

Publish