

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00238-CR

---

GARY ALLEN HANEY A/K/A GARY
DALE HOOPER

APPELLANT

V.

THE STATE OF TEXAS

STATE

----------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
TRIAL COURT NO. CR12616

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Gary Allen Haney, also known as Gary Dale Hooper, of possession of less than a gram of methamphetamine and, upon his pleas of true to enhancement and habitual counts, assessed his punishment at

---

[1]*See* Tex. R. App. P. 47.4.

twelve years' confinement.[2]  The trial court sentenced him accordingly. Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  Counsel's brief and motion meet the requirements of *Anders v. California*[3] by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. Although Appellant was given an opportunity to file a pro se response to the *Anders* brief, he has not done so, nor has the State filed a brief in response to the *Anders* brief.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record.[4]  Only then may we grant counsel's motion to withdraw.[5]

We have carefully reviewed counsel's brief and the record.  The record shows that the trial court did not include in its oral pronouncement of sentence any mention of "restitution."  Yet in the judgment, the trial court ordered that Appellant pay "restitution" of $140 to the Texas Department of Public Safety

[2]*See* Tex. Health & Safety Code Ann. §§ 481.102(6), .115(a)–(b) (West 2010); Tex. Penal Code Ann. § 12.425(b) (West Supp. 2014).

[3]386 U.S. 738, 87 S. Ct. 1396 (1967).

[4]*See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).

[5]*See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

2

(DPS) for the lab testing performed on the methamphetamine in this case, and this amount is likewise included in the total cost figure that Appellant was ordered to pay in the trial court's order to withdraw funds, as is a "restitution fee" of $12,[6] which is listed in the bill of costs. Further, DPS is not a victim of Appellant's possession of methamphetamine. Because the "restitution" was not orally pronounced[7] or awarded to a victim of a crime,[8] we delete it from the judgment.[9] We also modify the order to withdraw funds to delete the restitution amount of $140 and the restitution fee of $12 and to thereby reflect instead a total cost figure of $414,[10] and we likewise order the district clerk to delete the erroneous

---

[6]*See* Tex. Code Crim. Proc. Ann. art. 42.037(g)(1) (West Supp. 2014).

[7]*See id.* art. 42.03, §1(a).

[8]*See id.* art. 42.037(a).

[9]*See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004); *Vasquez v. State*, No. 07-13-00400-CR, 2015 WL 739771, at *1–2 (Tex. App.—Amarillo Feb. 20, 2015, no pet.) (mem. op., not designated for publication); *Smith v. State*, No. 02-11-00539-CR, 2013 WL 2339838, at *1 (Tex. App.—Fort Worth May 30, 2013, no pet.) (mem. op., not designated for publication).

[10]*See Wordlaw v. State*, Nos. 02-14-00286-CR, 02-14-00287-CR, 2015 WL 505231, at *1 (Tex. App.—Fort Worth Feb. 5, 2015, no pet.) (mem. op., not designated for publication) (modifying order to withdraw funds to delete restitution and reparations amounts).

$12 restitution fee from the bill of costs, resulting in a total cost figure of $414, corresponding to the corrected order to withdraw funds.[11]

Except for the errors corrected by the modifications described above, we agree with counsel that this appeal is wholly frivolous and without merit, and we find nothing in the record that arguably might support the appeal.[12]

Accordingly, we (1) grant counsel's motion to withdraw; (2) modify the judgment to delete the restitution award; (3) modify the order to withdraw funds to delete restitution of $140 and a restitution fee of $12 from the total cost figure of $566, thereby reducing that total cost amount to $414; and (4) order the district clerk to delete the $12 restitution fee from the bill of costs, which will also reduce the total costs in that document to $414. We affirm the trial court's judgment as modified.

PER CURIAM

PANEL: DAUPHINOT, GABRIEL, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 28, 2015

---

[11]*See In re Daniel*, 396 S.W.3d 545, 549 (Tex. Crim. App. 2013) (orig. proceeding) (directing district clerk to delete erroneous attorney's fees from bill of costs).

[12]*See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).