**Opinion filed November 12, 2015**



## In The

# Eleventh Court of Appeals

_____

## Nos. 11-15-00267-CR, 11-15-00268-CR, & 11-15-00269-CR
_____

## IN RE NATHAN LEE ANDERS

---

### Original Mandamus Proceedings

---

### M E M O R A N D U M   O P I N I O N

Appearing pro se, Relator, Nathan Lee Anders, has filed three petitions for writ of mandamus in which he asks this court to order Judge George D. Gilles of the 142nd District Court of Midland County "to correct prior action by 'deleting' the unjust appointed counsel fees" of $1,000 in trial court cause no. CR30351, $500 in trial court cause no. CR39508, and $750 in trial court cause no. CR43397. We deny the petitions.

We first note that the record provided by Relator is not sufficient to show that he is entitled to mandamus relief. The party seeking mandamus relief has the burden to provide a record sufficient to establish his entitlement to such relief.

*Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992). Attached to Relator's petitions are the bill of costs in each of the causes, an order denying his motion to modify in each cause, and the judgment in one cause. That judgment reflects that the trial court assessed punishment pursuant to a plea bargain agreement. In the judgment, the trial court specifically orders Relator to "pay all costs of prosecution and all court costs . . . as certified by the District Clerk in the bill of costs, including court appointed attorney costs." The bill of costs applicable to the judgment provided by Relator was timely certified by the district clerk on September 5, 2014, the day after Relator was sentenced. The bill of costs in the other two causes are dated June 19, 2006, and February 7, 2012, which are dates that, according to Relator, coincide closely with the dates of the respective judgments.

Relator has failed to establish that he is entitled to mandamus relief. Based upon his allegations, Relator is attempting to challenge the sufficiency of the evidence regarding his ability to pay attorney's fees and to complain of unequal treatment in the assessment of such fees as costs against him. Relator was entitled to bring these complaints by direct appeal. *See Armstrong v. State*, 340 S.W.3d 759 (Tex. Crim. App. 2011). Relator could have asserted his complaints in a direct appeal from each judgment of conviction and, thus, is not entitled to mandamus relief. *See In re Gonzales*, No. 11-13-00225-CR, 2013 WL 4052925 (Tex. App.—Eastland Aug. 8, 2013, orig. proceeding) (mem. op., not designated for publication); *see also Riles v. State*, 452 S.W.3d 333, 337–38 (Tex. Crim. App. 2015) (holding that the appellant forfeited her claim regarding the imposition of court-appointed attorney's fees by foregoing her initial appeal even though she lacked knowledge of the exact amount of the fees); *cf. In re Daniel*, 396 S.W.3d 545, 546, 549 (Tex. Crim. App. 2013) (lack of adequate legal remedy where bill of

costs was entered belatedly and judgment reflected no costs for attorney's fees). Because Relator had an adequate remedy by appeal, we must deny his petitions for writ of mandamus.

The petitions for writ of mandamus are denied.

PER CURIAM

November 12, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.