

**IN THE**
**TENTH COURT OF APPEALS**

---

**No. 10-19-00248-CV**

**IN RE LEON JEROME CHILDRESS**

---

**Original Proceeding**

---

**MEMORANDUM OPINION**

---

Relator Leon Jerome Childress seeks a writ of mandamus[1] compelling the trial

court to set aside a portion of a bill of costs that was assessed as part of a 1992 conviction

in Cause Number 92-514-C. Taking as true the documents provided by Childress, he was

sentenced to five years' probation in 1992. Childress's probation was revoked in 1997,

and he was sentenced to a five-year term of incarceration in the Texas Department of

Criminal Justice, Institutional Division. Childress asserts that he discharged this sentence

in 2001. Childress further asserts that he is now incarcerated in TDCJ due to a separate,

---

[1] While Childress specifically notes that he seeks mandamus relief, he has filed his application on forms provided to inmates for filing a writ of habeas corpus. We look to the substance of the pleading, not its denomination, when analyzing extraordinary matters. *See In re Daniel*, 396 S.W.3d 545, 549 (Tex. Crim. App. 2013).

subsequent conviction in Cause Number 2012-691-C1. Childress contends that although he discharged the sentence in Cause Number 92-514-C, the attorney's fees he was directed to repay as part of that conviction are still being withdrawn from his inmate account. The relief Childress seeks is "an order which would require the trial court to vacate its prior order, and to return his funds which were removed from his trust fund account." The only "order" Childress has provided with his mandamus petition is one page of the judgment revoking his probation in Cause Number 92-514-C, which does not include the trial court's signature, and an undated bill of costs that includes the same cause number.

To obtain mandamus relief in a criminal case, the relator must show that he has no adequate remedy at law to redress his alleged harm and that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).[2] A relator's burden on mandamus also includes satisfying the requirement that "[e]very statement of fact in the petition [be] supported by citation to competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(g). Thus, the relator's mandamus petition must be accompanied by a certified copy of every document that is material to a relator's claim for relief and that was filed in any

---

[2] Proceedings contesting an order under § 501.014(e) of the Government Code that permits TDCJ to withdraw money from an inmate account are treated as civil matters. *See* TEX. GOV. CODE ANN. § 501.014(e); *see also Perez v. State*, 424 S.W.3d 81, 89 (Tex. Crim. App. 2014); *Harrell v. State*, 286 S.W.3d 315, 316 n.1 (Tex. 2009). However, Childress has not provided a copy of an order issued by the trial court pursuant to § 501.014(e). We will, therefore, analyze Childress's petition pursuant to the mandamus requirements for a criminal case.

underlying proceeding.  *See* TEX. R. APP. P. 52.7(a)(1).  In short, a relator must supply a record sufficient to establish the right to mandamus relief.

Childress's petition is insufficient to establish his right to mandamus relief.  First, Childress fails to identify any motion he has filed that the trial court has denied or any other specific order issued by the trial court that would entitle him to mandamus relief.  Second, Childress does not include certified copies of every document that is material to his claim for relief, including, but not necessarily limited to, his 1992 judgment, the complete 1997 judgment revoking his probation, his 2012 judgment, or anything from the prison system that indicates that the money taken from his trust account is the result of his 1992 conviction.

Accordingly, we deny the petition for writ of mandamus.

REX D. DAVIS
Justice



Before Chief Justice Gray,*
        Justice Davis, and
        Justice Neill
Mandamus denied
Do not publish
Opinion delivered and filed September 18, 2019
[OT06]

*(Chief Justice Gray concurs in the denial of the petition for writ of mandamus.  A separate opinion will not issue.  He notes, however, that he specifically disagrees with the Court's description of the burden placed on a petition for mandamus relief.  An unsworn declaration from a petitioner, such as we have here, is frequently all that is necessary to support a petition for a writ of mandamus and does not require the attachment of "certified copies of every document that is material to" a claim for relief.  This is a burden not found in the rules.)