

# In the Court of Criminal Appeals of Texas

No. WR-94,538-01

In re STATE OF TEXAS ex rel. RANDALL SIMS,

*Relator*

On Motion for Leave to File a Petition for Writ of Mandamus
In Cause No. 39532-D in the 320th Judicial District Court
Potter County

YEARY, J., filed dissenting opinion.

Real Party in Interest, John Lezell Balentine, filed a motion in the convicting court contending that the clerk of the court failed to comply with the notice requirements established in Article 43.15(b) of our Code of Criminal Procedure. TEX. CODE CRIM. PROC. art. 43.15(b). In response to that motion, the convicting court entered an order purporting to "recall" the warrant of execution and the order setting the

execution date in Balentine's case.[1] The State has sought mandamus relief in this Court from the convicting court's order recalling the warrant and execution date. And this Court grants relief, reinstating the execution order and warrant. This Court's order explains that the convicting court's "ruling conflates the requirements of Articles 43.141 and 43.15, and misstates the law." It also explains that the convicting court's order "fails to provide a valid reason to recall the execution order and warrant."

I am not as sure as the Court that the convicting court's confusion about the reasons listed in its order has anything to do with the validity of its order recalling the warrant and execution date. It also seems to me to be a mistake to conclude that the convicting court was required to "provide a valid reason" at all for its order withdrawing the execution date and warrant of execution. Our statutes do not seem to require that. While undoubtedly a convicting court must *have* a valid reason for withdrawing an order setting an execution date and a warrant of execution, nothing in our statutory scheme seems to require a convicting court to *articulate* such a valid reason, and I see no clear authority for

---

[1] The convicting court's order also directs "the state" to "*reset the execution date as soon as practical with proper notice*" to the attorney representing the Applicant. (Emphasis added.) Our code does not permit "the state" to unilaterally set an execution date, even if ordered to do so by a court. Pursuant to Article 43.141(b), it is the "convicting court" that enters an order setting an execution date. TEX. CODE CRIM. PROC. art. 43.141(b). Moreover, Article 43.15(b) requires "the clerk" to give notice of the issuance of the warrant to an Applicant's counsel "at the time the warrant is issued." Nothing in either Article 43.141 or in Article 43.15 authorizes the convicting court to order the State to give the required notice of either the order setting the execution date or the issuance of the warrant.

this Court to reverse a convicting court's order recalling an order setting an execution date and warrant merely for providing invalid explanations of its reasons—which explanations were not required in the first place.

The State also does not seem to make an argument that Article 43.15(b) was complied with. Instead, it seems to argue that the notice requirement was at least substantially complied with. It does not appear that this Court has ever said that substantial compliance with Article 43.15 is sufficient. I am also not convinced that the convicting court lacked the authority to fashion an appropriate remedy for the apparent violation of Article 43.15, such that it could be said that Relator has shown a "clear entitlement" to mandamus relief. *E.g.*, *In re Daniel*, 396 S.W.3d 545, 549 (Tex. Crim. App. 2013).

For these reasons, I dissent to the Court's order granting mandamus relief.

**FILED:**                                   February 8, 2023
**DO NOT PUBLISH**