

# IN THE
# TENTH COURT OF APPEALS

### No. 10-22-00048-CR

**VINCENT EUSEBIO BRICENO,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

#### From the 278th District Court
#### Leon County, Texas
#### Trial Court No. 21-0101CR

## DISSENT

I have some observations about the court costs issue, Issue Four, as discussed in the Court's opinion that I think should make those attorneys and judges laboring with cost issues pause to consider whether the Court's opinion is correct. I think the opinion and judgment are erroneous in a number of ways,[1] and in other ways, could be improved

---

[1] For example, in this proceeding, the Court makes a recurring error in its statement of the standard in conducting its harm analysis. It states that the defendant "must show egregious harm" citing *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985). I have commented on this erroneous statement included in this Court's opinions so often that I gave up on always catching it and commenting upon it. But since I have been forced to write a dissent, I will point it out, yet again, and move on to other issues. Since *Ovalle*

to be a better guide. I could capture my thoughts in a long and formal dissenting opinion, but to those interested in the narrow issue of court costs, I think they will be able to follow this "note" format that I have used herein.

My observations on the Court's opinion and judgment are as follows:

1.      Abatement procedure—a majority of this Court has developed and used an abatement procedure when court costs assessed in the trial court's judgment are at issue on appeal. *See Willingham v. State*, No. 10-21-00158-CR (Tex. App.—Waco Oct. 19, 2022, order); *Carnley v. State*, No. 10-21-00104-CR (Tex. App.—Waco Oct. 19, 2022, order); *Welch v. State*, 668 S.W.3d 54 (Tex. App.—Waco 2022, order). I have disagreed with that procedure. (see dissenting opinions in each). This Court has recently used the abatement procedure. *Rios v. State*, No. 10-21-00266-CR (Tex. App.—Waco, June 9, 2023, order). But for some reason, that procedure is not always used, *see Moore v. State*, No. 10-22-00051-CR, 2023 Tex. App. LEXIS 2717 (Tex. App.—Waco Apr. 26, 2023, no pet.); *Fields v. State*, No. 10-21-00275-CR, 2022 Tex. App. LEXIS 8588 (Tex. App.—Waco Nov. 22, 2022, no pet.), and it was not used here. Why? I am trying to figure this out so that I can understand when the procedure should be used and to see if we are consistently applying it. I can offer the reader no help in this analysis.

2.      I would really encourage any person evaluating the assessment of a fee for a "release" pursuant to article 102.011(a)(6) of the Texas Code of Criminal Procedure to take a serious look at Attorney General Abbott's analysis of why the "release" from confinement is different from a "transfer" to TDCJ. Tex. Att'y Gen. Op. No. GA-1063, 2014 Tex. AG LEXIS 30 (2014). The appellant's brief in this case and that AG opinion explain why the $5.00 release fee is very different from and should not be charged for a transfer. *See id*. It is noteworthy that there is only one case cited by the Court that relates to a release/transfer fee and that case mentioned but did not discuss the AG's opinion or the analysis discussed therein. *See Williams v. State*, 495 S.W.3d 583, 592 n. 7 (Tex. App.—Houston [1st Dist.] 2016, pet. dism'd).

---

*v. State*, 13 S.W.3d 774 (Tex. Crim. App. 2000), it has been crystal clear that a defendant/appellant has no burden or duty to "show harm." The Court of Criminal Appeals stated, "We do not resolve the issue by asking whether the appellant met a burden of proof to persuade us that he suffered some actual harm, …. No party should have a burden to prove harm from an error, and there ordinarily is no way to prove 'actual' harm. Burdens and requirements of proving actual facts are appropriate in the law of evidence, but they have little meaning for the harmless-error decision." *Id*. at 787.

3.      The error in assessing a number of the costs was agreed to by the State.  It usually helps the reader understand if we make that observation.  Also the legal analysis can then be truncated with not much more than "We agree."  Much of the discussion in the Court's opinion could thus have been avoided.

4.      The largest cost being addressed is the $1,000 in attorney's fees.  The opinion and judgment are written as if the trial court assessed the attorney's fees as costs.  It did not.  And the issue is not briefed as if the trial court did.  Attorney's fees are included in the Bill of Costs.  In this issue, the appellant's briefing attacks the Bill of Costs, not the trial court's judgment.  This is one of the issues that the State concedes is erroneous.  But because the error is only in the Bill of Costs and not in the judgment, if this Court's judgment is issued as written, we will be deducting from the judgment more costs than the trial court actually assessed.  How can that possibly be correct?

5.      Item 4 above reveals both the validity and the importance of the question that Chief Justice Jim Wright (retired) raised when working with us in a post-*Cummins v. State*, 646 S.W.3d 605 (Tex. App.—Waco 2022, pet. ref'd), post-*Bryant v. State*, 642 S.W.3d 847, 850 (Tex. App.—Waco 2021, no pet.) case:  Where is our authority to amend the bill of costs?  I thought it was such an important question for many cases being decided involving attacks on court costs that all the members of the Court should have input in the resolution of the issue.  Because one of our justices was recused in the case in which the question was raised, hence Chief Justice Wright's participation, I redacted the specific case information and circulated the issue in a generic format for discussion and analysis.  After some serious soul searching and research, I thought the members of the Court had come to the conclusion that Chief Justice Wright was correct; that we do not have the authority to render a judgment ordering the district clerk to modify the Bill of Costs.  That resulted in a compromise in the way that some of our subsequent opinions, with corresponding judgments, have been written where we correct the trial court's judgment, but only suggest that the Bill of Costs be modified for the same changes/reasons.  *See* the trilogy of cases of *Simmons v. State*, No. 10-18-00269-CR, 2023 Tex. App. LEXIS 450, *10 n.7 (Tex. App.—Waco Jan. 25, 2023, no pet.), *Lee v. State*, No. 10-18-00334-CR, 2022 Tex. App. LEXIS 9460, *4 n.4 (Tex. App.—Waco Dec. 28, 2022, no pet.), *Anderson v. State*, No. 10-18-00341-CR, 2022 Tex. App. LEXIS 9459, *8 n.4 (Tex. App.—Waco Dec. 28, 2022, pet. ref'd).  A critical legal issue to note that is relevant to this analysis and solution is that the Court of Criminal Appeals has the authority/jurisdiction to mandamus a district clerk, a Court of Appeals does not.  *See* TEX. GOV'T CODE §§ 22.201(k), 22.221(a), (b); *In re Simmonds*, 271 S.W.3d 874, 879 (Tex. App.—Waco 2008, orig.

proceeding); *see also In re Daniel*, 396 S.W.3d 545 (Tex. Crim. App. 2013) (converting habeas corpus application to a mandamus petition and ordering district clerk to modify "Bill of Cost").

In summary, if the abatement procedure is an available tool, and I do not know when to use it based upon the Court's authority, why is it not used in this proceeding? Further, how could a trial court's judgment be in error if the judgment specifically does not include costs that are improperly included in the Bill of Costs, and how can we properly modify a trial court's judgment to remove a cost that was not actually included in it? Finally, and most importantly, from where do we obtain the authority to order the trial court clerk to correct a bill of costs? Because the Court modifies the trial court's judgment to remove costs that were not included therein and because we have no authority to order the district clerk to fix the Bill of Costs, but yet that is what the Court's judgment attempts to do, I respectfully dissent.


TOM GRAY
Chief Justice

Dissent delivered and filed August 9, 2023
Publish

