# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00183-CV

## In re Jerry Lavone Lively Jr.

## ORIGINAL PROCEEDING FROM COMAL COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Jerry Lavone Lively Jr., who pleaded guilty to and was placed on deferred-adjudication community supervision for the offense of continuous violation of a protective order, has filed a petition for writ of mandamus and a motion for temporary relief, challenging the district clerk's issuance of a bill of costs requiring Lively to pay court-appointed attorney's fees in the amount of $4,080.00, despite an earlier finding by the district court that he was indigent.[1]

This Court's mandamus jurisdiction is expressly limited to: (1) writs against a district court judge or county court judge in this Court's district, and (2) all writs necessary to enforce our jurisdiction. *See* Tex. Gov't Code § 22.221. Thus, we have no jurisdiction to issue a

---

[1] Lively designates only the district clerk as the respondent in this proceeding. In the mandamus record, Lively included an order from the district court, signed approximately one month after he was placed on deferred adjudication, that ordered the court-appointed attorney's fees to be paid "from the General Fund of Comal County, Texas." However, there is no indication in that order or elsewhere in the record that the district court itself ordered Lively to pay or reimburse the county for those fees. We note that the trial court cannot order a defendant to reimburse the county for court-appointed attorney's fees, absent a showing that a defendant has the financial resources to do so. *See* Tex. Code Crim. Proc. art. 26.05(g); *Mayer v. State*, 309 S.W.3d 552, 555-56 (Tex. Crim. App. 2010).

writ of mandamus against a district clerk unless necessary to enforce our jurisdiction, and our jurisdiction is not implicated here. Accordingly, we must dismiss the petition for writ of mandamus and the corresponding motion for temporary relief for want of jurisdiction.[2]

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Theofanis

Dismissed for Want of Jurisdiction

Filed: April 12, 2024

---

[2] The Court of Criminal Appeals has broad mandamus jurisdiction over "criminal law matters," Tex. Const., art. V, § 5(c), including challenges to the legality of a district clerk's issuance of a bill of costs assessing attorney's fees, *see In re Daniel*, 396 S.W.3d 545, 548-49 (Tex. Crim. App. 2013).