

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-58,710-03

### IN RE ROBERT TIMOTHY BRADFIELD, Relator

### ON APPLICATION FOR A WRIT OF MANDAMUS
### CAUSE NOS. 7651-A & 7652-A IN THE 47TH DISTRICT COURT
### RANDALL COUNTY

*Per curiam*.

### OPINION

Relator has filed a motion for leave to file an application for a writ of mandamus under this Court's original jurisdiction. He challenges, among other things, the Randall County District Clerk's collection of funds for court-appointed attorney fees starting in 2010 in relation to trial cause number 7651-A. Relator alleges that the trial court determined he was indigent at the time of trial and then never conducted any hearing to determine whether his indigent status has changed, as required by Texas Code of Criminal Procedure Article 26.05(g). Relator argues that such collection violates due process, and he requests that "all unlawfully collected fees" be immediately refunded to him.

On August 20, 2025, this Court held this application in abeyance and ordered the Randall

County District Clerk to respond, including specifically as to whether the trial court made a determination that Relator was no longer indigent. Joel Forbis, the Randall County District Clerk, states that both his office as well as the appellate chief at the Randall County District Attorney's Office conducted extensive investigations into the matter following our order. Forbis states that a Bills of Costs was entered on July 7, 1994, for cause numbers 7651-A and 7652-A; that the Bill of Costs in cause number 7651-A included $20,000 in court-appointed attorney's fees; and that no efforts were made to enforce collection of these enumerated court costs and attorney's fee from the date that the judgments were entered in each cause for the next sixteen years. Forbis then explains that on March 23, 2010, a judge sitting by assignment entered orders in each case which directed the Texas Department of Criminal Justice–Institutional Division to commence withdrawing set sums from Relator's inmate trust account and forward that money to the Randall County District Clerk's Office in satisfaction of the costs and fees assessed against him. However, according to Forbis, neither he nor the appellate chief can find any evidence that the trial court ever made a fact finding regarding any change in Relator's indigency status.

Forbis's response and exhibits in support show that the trial judge's 2010 Order(s) to Withdraw Inmate Funds were improper since the judge did not follow the proper process, including by complying with Article 26.05(g). The district clerk therefore lacked the authority to collect court-appointed attorney fees from Relator starting in 2010. *See In re Daniel*, 396 S.W.3d 545 (Tex. Crim. App. 2013).

We conditionally grant mandamus relief. We vacate the trial court's 2010 Orders to Withdraw Inmate Funds in cause numbers 7651-A and 7652-A, and we order the Randall County District Clerk to return any funds taken from Relator under those void orders. The writ of mandamus

will issue only in the event the Respondent fails to comply within thirty days of the date of this

opinion.


Filed: September 17, 2025
Do not publish